[Civil No. 3257. Filed January 23, 1933.]

[18 Pac. (2d) 915.]

SIX COMPANIES, INC., Petitioner, v. THE IN-
DUSTRIAL COMMISSION OF ARIZONA,
R. B. SIMS, WILLIAM E. HUNTER and
CHARLES HARTMAN, as Members of The
Industrial Commission of Arizona, and MIKE
RYAN, Respondents.

Messrs. Thelin & Marrin, Messrs. Moore & Shim-
mel and Mr. A. R. Lynch, for Petitioner.

Mr. Burt H. Clingan (Mr. Emil Wachtel, of Coun-
sel), for Respondent Commission.

ROSS, C. J.—We think the rule announced in *Six
Companies, Inc.,* v. *Industrial Commission et al.,
ante,* p. 366, 18 Pac. (2d) 913, is controlling.

In the present case the employee, Mike Ryan, on
January 30, 1932, while working for the Six Com-
panies, Inc., sustained fractures of the fibula of both
legs. He was cared for in the company's hospital at
Boulder City, Nevada, by the company's doctors until
about April 12th, when he was discharged and re-
turned to work for the company at his former wage
of $8 per day, or $240 per month. The company's
doctors' reports on the date of his resumption of

work were that he "still has some weakness in left foot" but no permanent disability.

Upon the unverified reports of the company's doctors the commission awarded the employee temporary disability compensation in the sum of $374, which was paid. The commission further found that the employee's injuries also caused a permanent partial disability entitling him to compensation in the sum of $120 monthly for two and one-half months. Upon a rehearing the commission affirmed this award and the company brought the case to this court for review. At the rehearing, the only additional evidence produced was the unverified reports of Drs. A. M. Tuthill and A. C. Kingsley. These reports are as follows:

Dr. Tuthill (June 6th):

"Examination of Mr. Mike Ryan, an employee of Six Companies, Inc., who sustained fractures of both fibula January 30, '32, shows in the right leg double fractures of the right fibula. Both these fractures have united in good position.

"The left leg shows a single fracture of the left fibula; also united in good position.

"In my opinion there will be no permanent disability on account of any of these fractures."

Dr. Kingsley (June 6th):

"Fracture of lower right leg in midportion four years ago. . . . Second finger of the right hand amputated in 1916. No sickness or rheumatism. . . .

"Present Complaint:

"States legs gave him no trouble while he was doing light work, though not as strong as formerly. . . .

"Right Leg:

"Shows evidence of old fracture in midportion of tibia and fibula which has firmly united, but not in good position. There is also a simple fracture in the lower third of fibula, occurring at the time of recent injury (Jan. 30, '32), which is now united in good position with no excess bone callus. There is some

interference with the weight bearing axis in this foot, but probably from previous accident. That in the fibula is not in any way contributory.

"Left Leg:

"Shows evidence of fracture in lower third of fibula with somewhat excess bone callus. Union seems to be firm, but there is some interference with the weight bearing axis of the foot.

"X-Ray:

"Shows the fractures as before noted—that in the right fibula in perfect position with good union. Fracture in left fibula shows evidence of comminution with fair union, but with outward displacement of upper fragment.

"Opinion:

"The fracture of the right fibula is certainly not producing any disability. That in the left is probably producing some discomfort and if contributing to the interference of the weight bearing axis, probably is productive of a small amount of disability."

As we read these reports, the employee sustained no permanent disability whatever on January 30, 1932. Dr. Tuthill states so unequivocally, and Dr. Kingsley is quite as positive so far as the right fibula is concerned. He says: "The left is probably producing some discomfort . . . probably is productive of a small amount of disability." He speaks of a present disability, not permanent or future disability. Dr. Kingsley is the regular physician for the Industrial Commission and doubtless understands the meaning of the terms used to describe "temporary" and "permanent" disability and knows the difference between these terms.

Notwithstanding the absence of any evidence showing the injuries sustained by the employee on January 30th to be permanent, the Commission proceeded under (o) and (u) of subdivision (C) of section 1438, Revised Code of 1928, to assess 5 per cent. of the complete loss of the use of his leg or legs as compensation for the partial loss of the use of such member

or members. Before the Commission has the power and right to make an award under (o) and (u), *supra,* it is essential that it be shown by competent evidence: (1) That the employee has suffered a partial loss of the use of his leg or legs, and (2) the percentage or proportion such loss bears to the complete loss of the use of such member or members. There is no evidence of either of these.

The award is set aside.

LOCKWOOD and McALISTER, JJ., concur.